**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SBN 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
JOSHUA D. CARLON, SBN 263838
  E-Mail: Joshua.Carlon@lewisbrisbois.com
RYAN P. PATTERSON, SBN 305894
  E-Mail: Ryan.Patterson@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant NATIONAL RETAIL TRANSPORTATION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR A. VALDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RETAIL TRANSPORTATION, INC., a Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**[CLASS ACTION]**<br><br>**DEFENDANT NATIONAL RETAIL TRANSPORTATION INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

1.  PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1331, Defendant National Retail Transportation, Inc., ("Defendant") hereby removes the above-captioned matter from the Superior Court of the State of California, County of Los Angeles, to this Court. In support of its request, Defendant states as follows:

**I.  INTRODUCTION**

2.  This case is hereby removed from state court to federal court because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(c) and 1446. This notice is based upon the original jurisdiction of the United States

District Court over the parties under 28 U.S.C. § 1331 based upon the existence of a federal question, as stated below.

## II.  VENUE

3.  The action was initially filed in the Superior Court of the State of California, County of Los Angeles.  Venue therefore properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

## III.  THE STATE COURT ACTION IN THIS CASE

4.  On March 6, 2015, Plaintiff Hector A. Valdez ("Plaintiff") commenced a civil action in Los Angeles Superior Court entitled *Hector A. Valdez v. National Retail Transportation, Inc.*, Case No. BC574626 (the "*Valdez* Matter").  On September 30, 2015, the action was related to the matter *Eduardo Rodriguez v. National Retail Transportation, Inc.*, Case No. BC594139 (the "*Rodriguez* Matter").  On November 18, 2015, the *Valdez* Matter and Rodriguez Matter were also related to the matter *Francisco Limon v. National Retail Transportation*, Case No. BC601419 (the "*Limon* Matter").  All three matters are putative class actions.  Defendant attaches hereto as Exhibit "A" a true and correct copy of the *Valdez* Matter First Amended Complaint and as Exhibit "B" a true and correct copy of the *Valdez* Matter Civil Case Cover Sheet.  The *Valdez* Matter is a putative class action, filed on behalf of all "California non-exempt drivers" employed by Defendant.  See Exhibit A ¶ 1.  The Complaint seeks recovery of damages and civil penalties for the following causes of action: (1) Failure to Pay Minimum Wage in Violation of California Labor Code §§ 1194, 1197, and Industrial Welfare Commission ("IWC") Wage Order 9; (2) Failure to Provide Meal Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 9; (3) Failure to Provide Rest Periods or Compensation in Lieu Thereof in Violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 9; (4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions

in Violation of California Labor Code §§ 226(b), 1174, and 1175; (5) Failure to Reimburse For Work Related Expenses in Violation of California Labor Code § 2802; (6) Violation of Unfair Competition Law in Violation of California Business and Professions Code § 17200, et seq.; and (7) Private Attorneys General Act of 2004 ("PAGA") in Violation of California Labor Code § 2698, et seq. *See* Exhibit A ¶¶ 39-85.

## IV. BASIS FOR FEDERAL JURISDICTION UNDER FEDERAL QUESTION

### A. Claims Are Preempted By The Labor Management Relations Act When Resolution Of The Claims Depends On An Analysis Of A Collective Bargaining Agreement.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that the relief sought in the Complaint arises under and is preempted by § 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA").

6. Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 preemption "**is so powerful as to displace entirely** any state claim based on a collective bargaining agreement, and **any state claim whose outcome depends on analysis of the terms of the agreement**."[1] *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted) (emphasis added); *see also Ramirez v. Fox Television Station*, 998 F2d 743, 748 (9th

---

[1] The complete preemption doctrine enables LMRA § 301, as a federal statute, to have complete preemptive force. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-87 (1987); *see also Avco v. Aero Lodge No. 735*, 390 U.S. 557, 558-5626 (1968); *Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, at *2 (E.D. Cal. Aug. 29, 2013).

Cir. 1993) (holding the LMRA preempts a state law claim if the resolution of that claim depends upon the meaning of a collective bargaining agreement), quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 305-06 (1988).

7. To determine whether LMRA § 301 preempts Plaintiff's claims and those of the putative class members he seeks to represent, the Court must inquire whether resolution of the state law claim requires the court to *construe* a provision of the collective bargaining agreement (CBA): "In sum, we hold that an application of state law is preempted by § 301 . . . only if such applicable **requires the interpretation of a collective bargaining agreement**." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) (emphasis added). If evaluation of a state law claim is intertwined with consideration of the terms of the CBA, it is preempted and may be removed to federal court.

8. When determining whether resolution of a state law claim requires interpretation of a CBA, the court must "examin[e] the terms of the agreement, the elements of the [claim] involved, and the facts which defendant may assert in defense." *Moreau v. San Diego Transit Corp.*, 210 Cal.App.3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (holding defendant's affirmative defenses must be considered in determining whether the CBA must be interpreted in order to resolve the state law claim).

**B.    Plaintiff's Class Action Claims Require Analysis And Interpretation Of The Governing Collective Bargaining Agreement.**

9. Plaintiff generally alleges claims for unpaid wages under several theories of recovery. However, claims that Defendant's unionized employees did not receive all owed meal periods nor the appropriate meal period premiums requires an analysis of several provisions of the applicable CBA.

10. Defendant has one operative CBA, which governs the employment of certain employees in Southern California, including commercial truck drivers

composing Plaintiff's putative class of "all California non-exempt drivers." (Declaration of William Cluver ("Cluver Decl.") at ¶¶ 3, 7, 8, 9). The operative CBA with the United Auto Workers, Local 509 ("UAW"), pertains to certain employees at two locations (3880 N. Mission Road, Los Angeles, California 90031 and 355 West Carob Street, Compton, California 90220) (*Id.* at ¶ 3). The operative CBA in place at Defendant's Los Angeles and Compton locations contains separate and distinct provisions relating to hours of work, meal periods, rest periods, work schedules, and rates of pay. (*Id.* at ¶ 4; *See, e.g.,* Ex. 1 Article 10, 22, 34).

11. Defendant entered into a since expired CBA with the UAW, which represents employees at Defendant's Los Angeles and Compton locations, effective October 1, 2009, through September 30, 2012. (Cluver Decl. at ¶ 7). Defendant then entered into another CBA with the UAW, effective October 1, 2012, through September 30, 2015, and year to year thereafter. (Cluver Decl. ¶ 8). Currently, Defendant has entered into a Memorandum of Agreement ("MOA") with the UAW regarding a current CBA, retroactively effective from October 1, 2015, through September 30, 2018. (Cluver Decl. 9). At relevant times, Plaintiff was a member of the bargaining unit represented by the UAW and was subject to the CBAs. (Cluver Decl. at ¶ 10).

12. The CBA contains provisions regarding Plaintiff's hours of work, regular rates of pay, overtime, and meal periods. (Cluver Decl. at ¶¶ 4, 12; *See, e.g.,* Ex. 1, Articles 10, 22, and 34). The CBA also provides different rates of pay depending on certain employment classifications (which can vary depending on the hours worked in that classification during a single day), and provides for final and binding arbitration for alleged violations of provisions of the CBA. (Cluver Decl. at ¶ 12; *See, e.g.,* Ex. 1, Articles 10, 14, and 34). Interpretation of the UAW Los Angeles/Compton CBA is thus essential to resolution of Plaintiff's claims.

13. Importantly, Plaintiff seeks to represent "all California non-exempt drivers" in a claim for compensation for missed, short, or late meal periods. Exhibit

1  "A" ¶¶ 1, 47-51.  In doing so, he is necessarily asking the Court to interpret the meal period and final binding arbitration provisions negotiated for certain employees by the UAW.  (Cluver Decl. at ¶¶ 4, 12).  Defendant is entitled to assert in its defense that the CBA limits or bars certain employees' right to recovery.  Plaintiff is thus bringing a claim that directly implicates these agreements, rendering removal appropriate.

### C.  California Labor Code § 512(e) States That The Meal Period Requirements That Generally Apply Under Labor Code § 512(a) *Do Not Apply* To Unionized Employees Covered By A Collective Bargaining Agreement.

14.  Plaintiff, on behalf of himself and all California non-exempt drivers employed by Defendant, alleges claims under California Labor Code § 512(a) for failure to provide meal periods.  Exhibit "A" ¶ 47-51.  However, under California Labor Code § 512(e), effective January 1, 2011, California's statutory meal period requirement is **inapplicable** to certain categories of employees, including "commercial driver[s]," if certain requirements are met.  Cal. Lab. Code § 512(f)(2).  The California Labor Code § 512(e) requirements are:

(1) The employee is covered by a valid collective bargaining agreement.

(2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.  Cal. Lab. Code § 512(e)(1)-(2).

15.  Thus, as of January 1, 2011, statutory meal period requirements are

waivable statutory rights that can be modified by a CBA for certain workers, including commercial drivers. *See* Cal. Lab. Code § 512(e).

### D. Interpretation Of The Collective Bargaining Agreement Is Required To Determine Whether Plaintiff And Putative Class Members Are Exempt From The General Statutory Meal Period Requirements Under Labor Code § 512(e).

16. Defendant contends that each of the requirements for the exemption provided by Labor Code § 512(e) has been met, and therefore Plaintiff's and other putative class members' meal period claims are exempted. First, Plaintiff and the putative class members are "commercial driver[s]" under the terms of the CBA and Labor Code § 512(f).[2] Second, the CBA, which applies to Plaintiff, contains general provisions regarding Plaintiff's hours of work, regular rates of pay, overtime, and meal periods. As discussed above, the CBA also provides for different rates of pay depending on certain employment classifications (which can vary depending on the hours worked in that classification during a single day), and provides for final and binding arbitration for alleged violations of provisions of the CBA. (Cluver Decl. at ¶ 12, Ex. 1, Articles 10, 14, and 34). Third, the CBA provides that all drivers earned a regular hourly rate of more than 30% above the state's eight, nine, and ten dollar minimum wage requirements. (Cluver Decl. at ¶ 13, Ex. 1, Article 34 and Wage

---

[2] The exemption to meal period requirements under Labor Code § 512 only applies to certain employee occupations, including a "commercial driver" described as "an employee who operates a vehicle described in Section 260 or 462 of, or subdivision (b) of Section 15210 of, the Vehicle Code." Cal. Lab. Code § 512(g)(1). Here, Plaintiff was classified and worked as a commercial driver at the Compton location. (Cluver Decl." at ¶ 6). The putative class members that Plaintiff seeks to represent include all California non-exempt drivers employed by Defendant. (*See* Exhibit A ¶ 1). Thus, unless Plaintiff concedes that he, and all other putative class members, have exempt occupations as defined by California Labor Code § 512(f) and (g) and any alleged meal period disputes are subject to final binding arbitration per the CBA, then the Court must decide whether the commercial drivers fall within California Labor Code § 512(f) and whether the CBA covers all potential meal period disputes, which necessarily requires consulting how the driver position is defined and construing the meal period language in the operative CBA.

Annex, Ex. 2, Article 34 and Wage Annex, Ex. 3, Wage Annex).[3]

17. Thus, Plaintiff's state law claims relating to meal periods are preempted by LMRA § 301, and this matter is properly removable pursuant to 28 U.S.C. § 1441. *See, e.g., Coria v. Recology, Inc.*, 2014 WL 3885873 (N.D. Cal. Aug. 7, 2014) (holding that meal period and overtime claims are preempted by the LMRA because they require an analysis of the CBA and the application of Labor Code § 512(e) and § 514 exemptions); *Buck v. Cemex, Inc.*, 2013 WL 4648579 (E.D. Cal. Aug. 29, 2013) (holding that the Labor Code § 512(e) exemption can be used as a basis for LMRA preemption, and that ambiguities as to whether the requirements of § 512(e) are satisfied must be resolved by consulting the CBA, thereby invoking LMRA preemption and federal question jurisdiction); *Gerardo Ayala v. Destination Shuttle Services LLC, et al.*, CV 13-6141 GAF (PJWx), Doc. No. 18 (C.D. Cal. Nov. 1, 2013) (holding that "[b]ecause the Court concludes that the resolution of Plaintiff's meal period claim will require analysis and interpretation of the CBAs, Plaintiff's claim is preempted under § 301 of the LMRA and subject to this Court's jurisdiction.").

## V. SUPPLEMENTAL JURISDICTION

18. To the extent there are remaining claims for relief that do not arise under LMRA § 301 or are not completely preempted by § 301, these claims are within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a)

---

[3] Specifically, from May 1, 2012, to June 30, 2014, the California minimum wage was $8.00, from July 1, 2014, through December 31, 2015, the California minimum wage was $9.00, and from January 1, 2016, to the present the California minimum wage is $10.00. The 2009, 2012, and 2015 CBAs set hourly rates based on position and years with the company. (Cluver Decl. at ¶¶ 4, 12, 13; *See, e.g.*, Ex. 1, Article 34 and Wage Annex). At all times during the putative class period, all drivers covered by the CBA earned a minimum regular hourly rate of $12.75 for their first 30 days of employment between 2009-2015, and a minimum hourly rate of $16.25 for their first 30 days of employment after October 1, 2015, with scheduled increases based on days of seniority. (*Id.* at ¶ 13, Ex. 1, Wage Annex, Ex. 2, Wage Annex, Ex. 3, Wage Annex). Information regarding California's minimum wage is available at: http://www.dir.ca.gov/iwc/MinimumWageHistory.htm.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

because they are so related to the LMRA § 301 claims that they form part of the same case or controversy under Article III of the United States Constitution.  In the alternative, any such other claims for relief are separate and independent claims which are properly removable to this Court pursuant to 28 U.S.C. § 1441(c).  Thus, this action is removable in its entirety.

## VI.     COMPLIANCE WITH STATUTORY REQUIREMENTS

19.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as Exhibit "A" a true and correct copy of the First Amended Complaint, and as Exhibit "B" a true and correct copy of the Civil Case Cover Sheet.  These are the only process, pleadings, or orders in the State Court's file that have been served upon Defendant up to the date of filing this Notice of Removal.

20.     In accordance with 28 U.S.C. § 1446(b), this notice is timely filed with this Court.  Pursuant to 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  On February 24, 2016, Defendant received Plaintiff's portion of a Joint Case Management Conference Report in the *Valdez* and *Limon* Matters, both also related to the *Rodriguez* Matter, notifying Defendant of Plaintiffs' refusal to dismiss the meal period claims as exempt under California Labor Code § 512(e) and denial that the meal period claims in this matter are preempted, thereby initiating the need to consult and interpret the operative CBA pursuant to LMRA § 301 to determine whether the California Labor Code § 512(e) exemption applies to Plaintiff and other commercial driver putative class members.  Accordingly, this notice is timely.

21.     As required by 28 U.S.C. §1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, James R. Hawkins and Gregory E. Mauro, of James R. Hawkins, APLC, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court

of the State of California, County of Los Angeles.

22. WHEREFORE, Defendant respectfully requests that these proceedings, entitled *Hector A. Valdez v. National Retail Transportation, Inc.*, Case No. BC574626, now pending in the Superior Court of California, County of Los Angeles, be removed to this Court.

DATED: March 24, 2016        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Joshua D. Carlon
Joshua D. Carlon
Attorneys for Defendant NATIONAL RETAIL TRANSPORTATION, INC.