EXHIBIT A

1  JAMES R. HAWKINS, APLC
   James R. Hawkins, Esq. SBN 192925
2  Gregory E. Mauro, Esq. SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, CA 92618
4  TEL:   (949) 387-7200
   FAX:   (949) 387-6676
5
6  Attorneys for Plaintiff, HECTOR A. VALDEZ, on behalf of
   himself and all others similarly situated
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

11

| | |
|---|---|
| HECTOR A. VALDEZ, on behalf of himself and all others similarly situated | CASE NO.: BC574626 |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT AND REPRESENTATIVE ACTION FOR:** |
| vs. | |
| NATIONAL RETAIL TRANSPORTATION, INC., a PENNSYLVANIA Corporation, and DOES 1 through 50, inclusive, | 1) **Failure to Pay Wages;**<br>2) **Failure to Provide Meal Periods or Compensation in Lieu Thereof;**<br>3) **Failure to Provide Rest Periods or Compensation in Lieu Thereof;** |
| Defendants. | 4) **Failure to Provide Accurate Employee Itemized Wage Statements;**<br>5) **Failure to Reimburse Expenses;**<br>6) **Violations of the California Unfair Competition Laws;**<br>7) **Private Attorneys General Act of 2004** |
| | **JURY TRIAL DEMANDED** |

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, HECTOR A. VALDEZ, on behalf of himself and all others similarly situated, complain of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all California non-exempt drivers employed by NATIONAL RETAIL TRANSPORTATION, INC., and any subsidiaries or affiliated companies (hereinafter "NRT" or "Defendants"), within the State of California.

2.     For at least four years prior to the filing of this action and through to the present ("liability period"), Defendants consistently maintained and enforced against NRT Non-Exempt Drivers, among others, the following unlawful practices and policies, in violation of California state wage and hour laws: a) failing to pay minimum wages; b); failing to provide meal and rest periods and c) failing to provide accurate itemized wage statements.

3.     During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of failing to provide NRT Non-Exempt Truck Drivers within the State of California, and while performing work within California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

4.     During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring NRT Non-Exempt Truck Drivers within the State of California, while performing work within California, including Plaintiff, to work at least five (5) hours without a meal period and/or work in excess of ten hours per day without being provided a second meal period, and failing to pay such employees a one (1) hour wage at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

FIRST AMENDED CLASS ACTION COMPLAINT

5.     Plaintiff on behalf of himself and all Class Members brings this action pursuant to Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., 2802,  Industrial Wage Order 9, and Cal Code Regs. Title 8, § 11090, seeking unpaid minimum wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.     Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay all minimum wages and rest and meal period premiums.

## II.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.  Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.  On information and belief, Defendants operate NATIONAL RETAIL TRANSPORTATION, INC. ( hereinafter NRT), a Pennsylvania Corporation, doing business in the City of Compton, County of Los Angeles and each Defendant is within the jurisdiction of this Court for service of process purposes.

8.     The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Bernardino County.  On information and belief, Defendants employ numerous Class Members throughout California. All of the claims Plaintiff asserts for himself and for the Class he seeks to represent relate exclusively to hours of work performed solely within the State of California.  None of the claims Plaintiff asserts for himself or for the Class he seeks to represent relate to hours of work performed outside of the State of California.

9.     The California Superior Court also has jurisdiction in this matter because

- 3 -

1   the individual claims of the members of the Classes herein are under the seventy-five thousand

2   dollar ($75,000.00) jurisdictional threshold for Federal Court inclusive of damages including

3   penalties, and the aggregate claim, including attorneys' fees, is under the five million dollar

4   ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.  Further, there is no federal

5   question at issue, as the issues herein are based solely on California statutes and law, including the

6   Labor Code, IWC Wage Orders, CCP, California Civil Code, and B&PC.

7         10.   This Court has jurisdiction over Defendants because, upon information and belief,

8   each Defendant is either a resident of California, has sufficient minimum contacts in California,

9   or otherwise intentionally avails itself of the California market so as to render the exercise of

10   jurisdiction over it by the California Courts consistent with traditional notions of fair play and

11   substantial justice.

12

13                    **III.**

14                 **PARTIES**

15         11.   Plaintiff HECTOR A. VALDEZ is a resident of Fontana, California.  At all

16   relevant times herein, he has been employed by Defendants as a driver of NRT in the City of

17   Compton, County of Los Angeles, California and has been employed by NRT since

18   approximately September 2010, in a non-exempt capacity during the liability periods.

19         12.   On information and belief, NATIONAL RETAIL TRANSPORTATION, INC.

20   engaged in the ownership and operation of a trucking and logistics company in Los Angeles

21   County and throughout California.  Plaintiff is informed and believes, and thereon alleges, that at

22   all relevant times mentioned herein, Defendants are organized and existing under the laws of

23   California, and were at all times mentioned herein licensed and qualified to do business in

24   California.  On information and belief, Plaintiff alleges that at all relevant times referenced

25   herein Defendants did and continue to transact business throughout California.

26         13.   Whenever in this complaint reference is made to any act, deed, or conduct of

27   Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or

28   through one or more of its officers, directors, agents, employees, or representatives, who was

1   actively engaged in the management, direction, control, or transaction of the ordinary business

2   and affairs of Defendants.

3       14.   The true names and capacities of Defendants, whether individual, corporate,

4   associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

5   Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and

6   believes, and based thereon alleges that each of the Defendants designated herein as a DOE is

7   legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

8   leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

9   designated hereinafter as DOES when such identities become known.

10      15.   Plaintiff is informed and believes, and based thereon alleges, that Defendants

11  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

12  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

13  each Defendant are legally attributable to the other Defendants.

14

15                              **IV.**

16                     **FACTUAL BACKGROUND**

17      16.   Defendants operate and, at all times during the liability period, have conducted

18  business in the City of Compton, County of Los Angeles and elsewhere within California as a

19  trucking and logistics business.  At all times set forth herein, Defendants employed Plaintiff and

20  other persons in the capacity of truck drivers or equivalent positions with similar job duties,

21  however titled, throughout the state of California.

22      17.   Defendants employed Plaintiff as a truck driver between September 2010 to the

23  present.  In that capacity, Plaintiff's duties included driving to client locations making pick-ups

24  and deliveries as well as delivering loads from the Ports of Los Angeles and Long Beach.

25      18.   Defendants continue to employ truck drivers, or individuals in equivalent

26  positions with similar job duties, however titled, throughout the state of California.

27      19.   Plaintiff is informed and believes, and thereon alleges, that Defendants are and

28  were advised by skilled lawyers and other professionals, employees, and advisors with

                              - 5 -

knowledge of the requirements of California's wage and employment laws.

20.     Plaintiff is informed and believes, and thereon alleges, and that during the relevant time frame, Defendants compensated Plaintiff and Class Members on both an hourly rate and or an piece rate (flat rate per load) that did not always equate to minimum wage for all hours worked.

21.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Plaintiff and Class Members were regularly required to work without being paid minimum wage for flat rate trips including time spent delivering the load, and waiting for loads and unloads, all without payment of minimum wage, as required by California law.

22.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time frame, Plaintiff and Class Members were systematically denied meal periods and rest breaks due to the Defendant's policies and practices as well as the demands of Defendants and Defendants' clients.   Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where meal periods and rest breaks were not provided.  On information and belief, Defendants failed to track meal period start/end times in violation of the applicable wage orders.

23.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time frame, Plaintiff and Class Members wage statements did not comply with the applicable law in that at a minimum they failed to identify the total hours worked and the applicable hourly rates for each hour worked.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive minimum wages for all worked and premium wages under Labor Code §226.7 but were not receiving such compensation.

25.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time frame, Plaintiff and Class Members were required to use their personal cell phones to communicate with dispatch and were not reimbursed cell phone expenses.

- 6 -

26.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members minimum wages, reimburse necessary work related expenses, pay meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied wages, all in order to increase Defendants' profits.

## V.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action and thus, seeks class certification under California Code of Civil Procedure §382.

28.     Plaintiff seeks to represent a Class composed of and defined as follows:

> (a) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who have performed work within California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

29.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

31.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there are questions of law or fact common to class members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods.

### A. Numerosity

32.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants

- 7 -

1   currently employ, and during the relevant time periods employed, as many as a hundred

2   employees, within the State of California, in positions as NRT Non-Exempt drivers in Los

3   Angeles County and disbursed throughout California during the liability period and who are or

4   have been affected by Defendants' unlawful practices as alleged herein.

5       33.   Accounting for employee turnover during the relevant periods necessarily

6   increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants'

7   employment records would provide information as to the number and location of all Class

8   Members.

9       **B. <u>Commonality</u>**

10      34.   There are questions of law and fact common to the Class predominating over any

11  questions affecting only individual Class Members. These common questions of law and fact

12  include, without limitation:

13      i.    Whether Defendants failed to pay minimum wage compensation to Plaintiff and

14      Class Members for all hours worked;

15      ii.    Whether Defendants violated Labor Code sections 226.7, 512, Wage Order 9-

16      2001, or other applicable IWC Wage Orders, and Cal. Code Regs. Title 8, § 11090, by

17      failing to provide daily rest periods to Non-Exempt drivers for every four hours or major

18      fraction thereof worked and failing to compensate said employees one hours wages in

19      lieu of rest periods;

20      iii.    Whether Defendants violated Labor Code sections 226.7, 512 and IWC Wage

21      Order 9-2001 or other applicable IWC Wage Orders, and Cal Code Regs. Title 8,

22      § 11090 by failing to provide a meal period to Non-Exempt truck drivers on days they

23      worked work periods in excess of six hours and failing to compensate said employees

24      one hour wages in lieu of meal periods;

25      iv.    Whether Defendants provided accurate itemized wage statements pursuant to

26      Labor Code section 226;

27      v.    Whether Defendants reimbursed work related expenses;

28

- 8 -

vi.     Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay minimum wages, failing to provide rest and meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided, and reimburse business expenses;

vii.    Whether Defendants violated Business and Professions Code and Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

viii.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, et. seq.;

ix.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197;

x.      Whether Plaintiff and Members of the Plaintiff Class are entitled to penalties pursuant to Labor Code section 226 et. seq. for failing to provide accurate itemized wage statements; and

xi.     Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Labor Code §2698, et. seq. in the form of penalties for failure to pay minimum wages, provide meal and rest periods, reimburse business related expenses, and failing to provide accurate itemized wage statements.

**C. Typicality**

35.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

36.    Plaintiff will fairly and adequately represent and protect the interests

1  of the members of the Class. Counsel who represents Plaintiff is competent and experienced in

2  litigating large employment class actions.

3

4  **E. Superiority of Class Action**

5      37.    A class action is superior to other available means for the fair and efficient

6  adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

7  questions of law and fact common to the Class predominate over any questions affecting only

8  individual members of the Class. Each member of the Class has been damaged and is entitled to

9  recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

10  Members for all wages earned, engaging in the unlawful practices herein complained of,

11  and denying Class Members rest and meal periods without legal compensation.

12      38.    Class action treatment will allow those similarly situated persons to litigate their

13  claims in the manner that is most efficient and economical for the parties and the judicial system.

14  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

15  action that would preclude its maintenance as a class action.

16  **VI.**

17  **CAUSES OF ACTION**

18  **First Cause of Action**

19  *Failure to Pay Minimum Wage*

20  (Lab. Code, §§ 1194, 1197, IWC Wage Order 9)

21  (Against All Defendants)

22      39.    Plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

23      40.    On information and belief and based on that information and belief,

24  Defendant compensated its non-exempt employees on a hybrid hourly and or flat rate basis

25  depending on the type of load.

26      41.    On information and belief, Defendants failed to pay its non-exempt

27  employees minimum wage for hours worked when it required Plaintiff and Members

28  of the Class, under the control of Defendants, to wait for the loading and unloading of cargo

- 10 -

1  or goods from or into their trucks, otherwise known as detention time, and further failed to pay

2  minimum wage when paying flat rates per load where the hours worked delivering the load

3  caused the hourly rate to fall below the minimum wage.

4      42.    On information and belief, Defendants violated the provisions of the

5  Labor Code, among others, §§1194, 1197 and IWC Wage Order 9.

6      45.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he

7  seeks to represent have been deprived of minimum wages in amounts to be determined at trial,

8  and are entitled to recovery of such amounts, plus interest and statutory penalties

9  thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194, 1197 and IWC

10  Wage Order 9.

11      46.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

12  described herein and below.

**Second Cause of Action**

*Failure to Provide Meal Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

<u>(Against all Defendants)</u>

18      47.    Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

19      48.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

20  period of more than five (5) hours without providing a meal break of not less than thirty (30)

21  minutes in which the employee is relieved of all of his or her duties.  An employer may not

22  employ an employee for a work period of more than ten (10) hours per day without providing the

23  employee with a second meal period of not less than thirty (30) minutes, except that if the total

24  hours worked is no more than twelve (12) hours, the second meal period may be waived by

25  mutual consent of the employer and the employee only if the first meal period was not waived.

26      49.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

27  employment by Defendants, in order for an "on duty" meal period to be permissible, the

28

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT

nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

50.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as Non-Exempt drivers, or equivalent positions with similar job duties, however titled, first and sometimes second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. In addition, Defendants failed to record meal periods for Plaintiff and Class Members in accordance with the applicable IWC wage order. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

51.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

<u>**Third Cause of Action**</u>

*Failure to Provide Rest Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

<u>(Against all Defendants)</u>

52.     Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take

rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, in their roles as Non-Exempt Drivers, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

54.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

55.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

<u>**Fourth Cause of Action**</u>

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

<u>(Lab. Code §§226(b), 1174, 1175)</u>

<u>(Against All Defendants)</u>

56.     Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57.     Section 226(a) of the California Labor Code requires Defendants to itemize in

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and members of the proposed class.

58.    IWC Wage Order 9 requires Defendant to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 9 and 226.

59.    Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

60.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein below.

### Fifth Cause of Action

*Failure to Reimburse For Work Related Expenses*

(Labor Code § 2802)

(Against All Defendants)

61.    Plaintiff incorporates paragraphs 1 through 60 as though fully set forth herein.

62.    Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

63.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or

- 14 -

remedy to which he is entitled under the laws of this State."

64. As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures such as the use of cell phones in direct consequence of the discharge of their duties.

65. Defendants are legally required to reimburse for all necessary expenditures at a reasonable rate.

66. Defendants failed to fully and reasonably reimburse for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditure.

67. As a proximate result of the aforementioned violations of Labor Code §2802(a), Plaintiff and the Class are entitled to recovery from Defendant the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

68. As a proximate result of the aforementioned violations of Labor Code §2802(a), Plaintiff and the Class have been damaged in an amount according to proof at the time of Trial.

69. Pursuant to Labor Code §2802(b), Plaintiff and the Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

70. Pursuant to Labor Code §2802(c), Plaintiff and the Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

<u>Sixth Cause of Action</u>

*Violation of Unfair Competition Law*

<u>(Bus. & Prof. Code, § 17200, et seq.)</u>

(Against All Defendants)

71. Plaintiff incorporates paragraphs 1 through 70 as though fully set forth herein.

72. On information and belief, by their policy of:

    i.    failing to provide daily rest periods to Non-Exempt Drivers for every four hours or major fraction thereof worked and failing

- 15 -

1       to compensate said employees one hours wages in lieu of rest periods;

2     ii.    failing to pay minimum wages;

3     iii.   failing to provide a meal period to Non-Exempt Drivers on days they

4       worked work periods in excess of five hours, and/or work in excess of ten

5       hours per day without being provided a second meal period, or

6       compensation in lieu thereof;

7     iv.   failing to reimburse business expenses; and

8     v.    failing to provide accurate itemized wage statements,

9   Defendants engaged in unlawful activity prohibited by Business and Professions Code §17200

10  et seq.

11      73.    The actions of Defendants as alleged within this Complaint, constitute false,

12  unlawful, unfair, and deceptive business practices, within the meaning of Business and

13  Professions Code section 17200, et. seq.

14      74.    Plaintiff is entitled to an injunction and other equitable relief against such

15  unlawful practices in order to prevent future damage, for which there is no adequate remedy at

16  law, and to avoid a multiplicity of lawsuits.

17      75.    As a result of their unlawful acts, Defendants have reaped and continue to reap

18  unfair benefits and unlawful profits at the expense of Plaintiff, and the Class Members.

19  Defendants should be enjoined from this activity.  Plaintiff is informed and believes, and thereon

20  alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair

21  trade practices.

22      76.    As a direct and proximate result of the unfair business practices of Defendants,

23  and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is

24  entitled to equitable and injunctive relief.

25      77.    The unlawful conduct alleged herein is continuing, and there is no indication that

26  Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are

27  not enjoined from the conduct set forth in this Complaint, they will continue to require

28  employees to work during meal periods, will continue to fail to provide rest periods or provide

1   appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying

2   appropriate taxes, insurance, and unemployment withholdings.

3       78.     Plaintiff further requests that the court issue a preliminary and permanent

4   injunction prohibiting Defendants from requiring Plaintiff and the Class he seeks to represent to

5   reimburse Defendants for the allegations contained herein and which may later be discovered in

6   the course of litigation.

7       79.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

8   described herein and below.

9                           **Seventh Cause of Action**

10              *PRIVATE ATTORNEYS' GENERAL ACT OF 2004, LABOR CODE 2698, ET. SEQ.*

11                      By Plaintiff Against All Defendants

12                         (Cal. Labor Code 2698, et. seq.)

13      80.     Plaintiffs incorporate paragraphs 1 through 79 as though fully set forth herein.

14      81.     Pursuant to Labor Code § 2699.3:

15      (a) A civil action by an aggrieved employee pursuant to

16      subdivision (a) or (f) of Section 2699 alleging a violation of any

17      provision listed in Section 2699.5 shall commence only after the

18      following requirements have been met:

19          (1) The aggrieved employee or representative shall give written

20      notice by certified mail to the Labor and Workforce Development

21      Agency and the employer of the specific provisions of this code

22      alleged to have been violated, including the facts and theories to

23      support the alleged violation.

24          (2) (A) The agency shall notify the employer and the aggrieved

25      employee or representative by certified mail that it does not intend

26      to investigate the alleged violation within 30 calendar days of the

27      postmark date of the notice received pursuant to paragraph (1). Upon

28      receipt of that notice or if no notice is provided within 33 calendar

- 17 -

FIRST AMENDED CLASS ACTION COMPLAINT

days of the postmark date of the notice given pursuant to paragraph

1), the aggrieved employee may commence a civil action pursuant to

Section 2699.

82.     On March 24, 2015, Plaintiff complied with notice requirements pursuant to Labor Code section 2699.3 and sent via certified mail written notice to the Labor and Workforce Development Agency and the alleged employers of the specific provisions alleged to have been violated.

83.     On or about April 28, 2015, thirty three (33) days passed since Plaintiff provided written notice required by Labor Code § 2699.3.  Therefore, Plaintiff may commence a civil action pursuant to Labor Code § 2699.3 (a) (1) (2).

84.     On information and belief and based thereon, by their policy of:

i.      Failing to provide meal periods;

ii.     Failing to permit and authorize rest periods;

iii.    Failing to comply with itemized wage statements provisions;

iv.     Failing to reimburse all business expenses; and

v.      engaging in unfair competition, among others as may be discovered,

Defendants engaged in unlawful activity prohibited by inter alia,  Labor Code sections 2698 et seq., 201, 202, 203, 221-224, 226, 226.7, 512, 2802, Cal. Code Regs., Title 8, §11040 and IWC Wage Orders, which violation constitutes a violation of fundamental public policy.

85.     As a result of their unlawful acts, Plaintiffs are entitled to civil penalties pursuant to Labor Code Private Attorneys General Act of 2004, Labor Code §2698 et. seq.

86.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1.      That this action be certified as a class action;

- 18 -

FIRST AMENDED CLASS ACTION COMPLAINT

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as counsel for the Class;

On the First Cause of Action

1.    For compensatory damages in an amount equal to the amount of unpaid minimum wage compensation owed to Plaintiff and Class Members;

2.    For pre-judgment interest on any unpaid minimum wage compensation due from the day that such amounts were due;

3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2;

4.    For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

5.    For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.    For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.    For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.    For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.    For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.    For statutory penalties pursuant to Labor Code §226, et. seq..; and

2.    For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.    For restitution pursuant to Labor Code §2802;

2.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

FIRST AMENDED CLASS ACTION COMPLAINT

1.   That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay minimum wages and reimbursed work related expenses over the last four (4) years in an amount according to proof;

2.   That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.   For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4.   For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5.   For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6.   For such other and further relief as the Court deems proper.

<u>On the Seventh Cause of Action</u>

1.   For restitution pursuant to Labor Code §2698, et. seq.;

2.   For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

1.   Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:  May 5, 2015                    JAMES R. HAWKINS; APLC

James Hawkins, Esq.
Gregory Mauro, Esq.
Attorneys for Plaintiff HECTOR A. VALDEZ

- 20 -