UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-2057 DMG (AJWx)** | Date | May 24, 2016 |
|---|---|---|---|

| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 1 of 8 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

## I.
## PROCEDURAL BACKGROUND

On March 6, 2015, Plaintiff Hector A. Valdez commenced a class action, on behalf of himself and others similarly situated, against Defendant National Retail Transportation, Inc. ("NRT") in Los Angeles County Superior Court. (Defendant National Retail Transportation Inc.'s Notice of Removal of Civil Action to Federal Court ("Notice of Removal") ¶ 4 [Doc. # 1].) The proposed class ("Class") consists of Valdez and all California non-exempt drivers employed by NRT and its subsidiaries or affiliated companies within the state of California during the relevant time period ("Class Members"). (First Amended Class Action Complaint ("FAC") ¶ 1 [Doc. # 1-1].) On May 5, 2015, Valdez filed a first amended class action complaint for: (1) failure to pay wages; (2) failure to provide meal periods or compensation in lieu thereof; (3) failure to provide rest periods or compensation in lieu thereof; (4) failure to provide accurate employee itemized wage statements; (5) failure to reimburse expenses; (6) violations of the California Unfair Competition Law ("UCL"), and (7) civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"). [Doc. # 1-1.]

NRT was served with the complaint and summons on May 7, 2015. (Declaration of Gregory Mauro ("Mauro Decl.") [Doc. # 15-2.] ¶ 3, Ex. B.) NRT filed an Answer on August 7, 2015, and both sides propounded discovery throughout the remainder of 2015. (*Id.* ¶ 2.) Throughout the past year, the parties have propounded discovery, participated in three status conferences, and met and conferred regarding various issues, including coordination and potential consolidation with two related cases. (*Id.*) This matter was subsequently related to two other matters, *Rodriguez v. National Retail Transportation, Inc.*, Case No. BC594139 (*Rodriguez* Matter) and *Limon v. National Retail Transportation*), Case No. RG15776483 (*Limon* Matter). (*Id.*)

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-2057 DMG (AJWx) | Date | May 24, 2016 |
|---|---|---|---|

| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 2 of 8 |
|---|---|---|---|

    On February 12, 2016, counsel for NRT sent an email to counsel for Valdez requesting that Valdez stipulate to dismissal of the meal break claims on the ground that they were "preempted"[1] by section 512(e) of the California Labor Code because Valdez was covered by a collective bargaining agreement during the relevant time period. (*Id.*, Ex. B [Doc. # 18-2].) NRT's counsel sent a follow-up email regarding the same issue on February 19, 2016. (*Id.*)

    On February 24, 2016, NRT received Plaintiffs' portion of a Joint Case Management Conference Report in the *Valdez* and *Limon* matters ("Joint Status Report") notifying NRT of Plaintiff's refusal to dismiss the meal period claims on the basis of "preemption" by section 512(e) and asserting that Plaintiff does not believe that the collective bargaining agreements ("CBAs") in this case allow for binding arbitration of meal period claims for employees in their probationary period of employment. (Declaration of Joshua Carlon in Support of Defendant National Retail Transportation's Opposition to Plaintiff's Motion to Remand ("Carlon Decl.") ¶ 8, Ex. D [Doc. # 18-1].)

    On February 26, 2016, Plaintiff's counsel sent an email further explaining that they believe that Section 512(e) does not "preempt" their meal break claim because probationary employees (1) are not covered by the CBAs and (2) do not have binding arbitration of disputes. (*Id.* ¶ 10, Ex. F ("Feb. 26 Email") [Doc. # 18-3].) Plaintiff's counsel sent a follow-up email on March 4, 2016 clarifying that they believed that the Section 512(e) exceptions apply only to probationary employees. (*Id.*, Ex. H ("Mar. 4 Email") [Doc. # 18-3].) On March 7, 2016, NRT sent an email to Plaintiff's counsel informing them that NRT and the UAW disagree with Plaintiff's interpretation of the CBAs regarding their applicability to probationary employees. (*Id.* ¶ 13, Ex. I.) Between March 7, 2016 and March 15, 2016, the parties engaged in additional correspondence regarding their respective positions on the issue. (*Id.* ¶¶ 14-17.)

    NRT removed the *Rodriguez* matter to this Court on March 25, 2016, and it was assigned case number 16-2052 DMG (AJWx). (*Rodriguez* Matter, Doc. # 1.) *Limon* and *Valdez* were also removed to federal court on the same day. On April 4, 2016, they were transferred to this Court as cases related to the *Rodriguez* Matter, and assigned case numbers 16-2054 DMG (AJWx) and 16-2057 DMG (AJWx), respectively. (*Limon* Matter, Doc. # 11; *Valdez* Matter, Doc. # 13.) NRT removed all three cases on the basis of federal question jurisdiction, contending that the meal break claims common to all three actions are preempted by section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Notice of Removal ¶ 5.)

---

[1] California Labor Code Section 512(e) may potentially *exempt* certain claims, but cannot *preempt* them. A state law claim is preempted by federal law, not other provisions of state law.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-2057 DMG (AJWx) | Date | May 24, 2016 |
|---|---|---|---|

| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 3 of 8 |
|---|---|---|---|

On April 21, 2016, Valdez filed a motion to remand ("MTR").[2] [Doc. # 15.] On April 29, 2016, NRT filed an opposition to the MTR ("MTR Opp."). [Doc. # 18.] On May 6, 2016, Valdez filed a reply ("MTR Reply"). [Doc. # 19.]

## II.
## FACTUAL BACKGROUND

NRT is a trucking and logistics business with locations throughout the State of California, including in the City of Compton in Los Angeles County, California. (First Amended Complaint ("FAC") [Doc. # 1-1] ¶ 16.) Valdez has been employed by NRT as a commercial driver in Compton since approximately September 2010. (*Id.* ¶¶ 11, 17.)

The United Auto Workers Union, Local 509 ("UAW"), has a collective bargaining agreement ("CBA") that governs the employment of certain employees of NRT, including commercial drivers, of the Los Angeles and Compton locations. (Declaration of William Cluver in Support of Defendant National Retail Transportation's Notice of Removal of Civil Action to Federal Court ("Cluver Removal Decl.") ¶ 3, Ex. 1 ("CBA") [Doc. # 1-3].)[3] The CBA contains provisions relating to hours of work, meal periods, rest periods, shift differentials, and rates of pay. (Cluver Removal Decl., ¶¶ 4, 12; *see* CBA generally.) At all relevant times, Valdez was a member of UAW and subject to its collective bargaining agreements. (*Id.* ¶ 10.)

The CBA states that it shall apply to "all the EMPLOYER'S EMPLOYEES, excepting its supervisors, guards, watchmen, and office help[.]" (CBA, Article 1.) It further states that the union is the "sole and exclusive bargaining representative of all [NRT's] EMPLOYEES." (*Id.* ¶ 2.01.) Regarding probationary employees, the CBA states that "[t]he probationary period for new EMPLOYEES shall be ninety (90) days. The EMPLOYER can *discharge* any such probationary EMPLOYEE without the EMPLOYEE having recourse to the grievance and arbitration procedure herein stated." (*Id.* ¶ 22.1) (emphasis added). It further states that "[a]ll present EMPLOYEES who are not of the union and all EMPLOYEES hired hereafter shall become and remain members in good

---

[2] On April 19, 2016, the parties in *Rodriguez* stipulated to remand the case to state court. (*Rodriguez* Matter, Doc. # 11.) On April 21, 2016, Plaintiffs in both *Limon* and *Valdez* filed motions to remand. (*Limon* Matter Doc. # 13, *Valdez* Matter Doc. # 15.)

[3] The first CBA ("2009 CBA") was effective October 1, 2009 through September 30, 2012. (Cluver Removal Decl. ¶ 7.) Effective October 1, 2012 through September 30, 2015, and year-to-year thereafter, NRT entered into a subsequent collective bargaining agreement with UAW ("2012 CBA"). (*Id.* ¶ 8.) Effective October 1, 2015 through September 30, 2018, NRT and UAW entered into a memorandum of agreement ("MOA") regarding a current collective bargaining agreement. (*Id.* ¶ 9.) The parties do not appear to dispute that Exhibit 1 to the Culver Removal Declaration is the applicable CBA.

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | CV 16-2057 DMG (AJWx) | Date | May 24, 2016 |
|---|---|---|---|

| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 4 of 8 |
|---|---|---|---|

standing of the UNION as a condition of employment not later than the thirtieth (30th) day following the date of execution of this Agreement or at the end of their probationary periods (as hereinafter defined), whichever is later." (*Id.* ¶ 2.04.)

## II.
## LEGAL STANDARD

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). Failure to remove an action within 30 days waives a party's right to remove. *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989). Generally, a federal claim must appear on the face of a well-pleaded complaint for federal question jurisdiction. *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt by the defendant of a copy of "'an amended pleading, motion, order, or other paper' from which it may be ascertained that the case is removable." *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(3)).

## III.
## DISCUSSION

**A.      Section 301 LMRA Preemption**

NRT contends that Valdez's meal break claim is preempted by Section 301 of the LMRA, 29 U.S.C. § 185(a). "Section 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |
| Case No. **CV 16-2057 DMG (AJWx)** | | Date May 24, 2016 |
| Title *Hector A. Valdez v. National Retail Transportation, Inc.* | | Page 5 of 8 |

bargaining agreement." *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

The Ninth Circuit has established a two-part test for determining whether a cause of action is preempted by Section 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). A court must first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.*; *see also Bonilla*, 407 F. Supp. 2d at 1111 ("The LMRA does not preempt an employee's independent, freestanding state rights.") "If the right exists solely as a result of the CBA, then the claim is preempted, and analysis ends there." *Burnside*, 492 F.3d at 1059. "If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (internal citations omitted). "If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id.* at 1059-60.

### 1. Right Conferred by State Law

A rest-and-meal-break claim brought pursuant to California Labor Code section 512 is a creature of state law. *See, e.g.*, *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1199 (C.D. Cal. 2015) (rest and meal break claim "derive from violations of California state law, not violations of the CBA."). If the right is conferred on individual employees as a matter of state law, "it is the legal character of a claim . . . and not whether a grievance arising from 'precisely the same set of facts' could be pursued, that decides whether a state cause of action may go forward." *Livadas v. Bradshaw*, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994). The right to a meal break exists independently of any CBA and is not preempted under the first prong of the *Burnside* test.

### 2. Right Not "Substantially Dependent" on Collective Bargaining Agreement

A state law right is "substantially dependent" on the terms of a CBA if a court must "interpret" rather than merely "look to" the CBA in resolving the claim. *Burnside*, 481 F.3d at 1060 (internal citation omitted). The distinction "is not always clear or amenable to a bright-line test." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001). "[N]ot every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted [and] the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) (internal citation omitted).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-2057 DMG (AJWx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 6 of 8 |

    Section 301 does not preempt a state law claim unless resolution of that claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer*, 255 F.3d at 693. Moreover, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Valles*, 410 F.3d at 1076. "[A] state law claim will only be preempted if it is so 'inextricably intertwined' with a CBA that resolution of the claim will require judicial interpretation of the CBA's terms." *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citation omitted). The Ninth Circuit has held that, "if the claim is plainly based on state law, [section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691 (citing *Caterpillar*, 482 U.S. at 398-99); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) ("reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption.").

    California Labor Code Section 512(e) exempts meal break claims where (1) the employee is covered by a valid collective bargaining agreement, (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage. Cal. Lab. Code § 512(e)(1)-(2). Valdez contends section 512(e) does not exempt the meal break claims in this case because (1) probationary employees are not covered by the CBA and (2) probationary employees do not have binding arbitration of disputes. (Feb. 26 Email.) Valdez's counsel states that, in order to determine these issues "[w]e will need to take the deposition of Defendant's Operations folks and HR folks." (*Id.*) Valdez's counsel "acknowledge[d] that this specific issue only applies to employees during their probationary 90 day period." (Mar. 4 Email.)

    NRT disputes Valdez's interpretation of the CBA, contending that all employees are covered by the CBA. NRT contends that, at the least, Valdez's meal break claim is "substantially dependent" on the CBAs because, in order to determine whether the claim is "preempted" by the California Labor Code, the Court will have to interpret, among other provisions, which employees qualify as probationary employees under the CBAs, whether such probationary employees are "employees" under the CBAs, and whether the arbitration clauses in the CBAs are limited to non-probationary employees. (MTR Opp. at 5.)

    In the recent case of *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014), the court considered whether section 301 preempted a state law claim for overtime rights under the California Labor Code. As in this case, the *Vasserman* defendant contended that a provision of the California Labor Code created an exemption for employees covered by a CBA if certain conditions were met, and that it was necessary to "interpret" the CBA in order to determine whether the

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-2057 DMG (AJWx) | Date | May 24, 2016 |
| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 7 of 8 |

exemption applied. *Id.* The court found that the state law exemption was "an affirmative defense that must be pled and proved by [defendant]" and therefore did not "alter the substance of [plaintiff]'s claim." *Id.* The court reasoned that, "[i]f it is ultimately determined that [the exemption] applies, this will simply mean that [plaintiff] has alleged a claim under a statute she cannot invoke, and under which she is unable to recover." *Id.*; *see also Placencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14-0379 AG JPRx, 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014) ("If Plaintiff's overtime claim under California law fails [because employees who are covered by a valid bargaining agreement are exempt], that doesn't mean this Court has jurisdiction, it means [defendant] wins."). In contrast, the court in *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW Ex, 2015 WL 3970293, at *6 (C.D. Cal. June 30, 2015), found that a state law claim was "substantially dependent" on interpretation of a CBA where defendant presented the court with "a plethora of provisions in need of interpretation throughout the eight separate CBAs covering [plaintiff] and the aggrieved employees he seeks to represent." The court highlighted "the complexity, and sheer magnitude" of the CBAs at issue. *Id.*

This case is more analogous to *Vasserman*. As the Ninth Circuit has instructed, "the plaintiff's claim is the touchstone for the preemption analysis, and 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim' to trigger preemption." *Humble*, 305 F.3d at 1008 (citing *Cramer* 255 F.3d at 683). Plaintiff's claim is a state law claim, and any questions regarding probationary employees are peripheral to the substance of the claim at issue. "[R]eliance on the CBA as an aspect of a defense is not enough to 'inject a federal question into an action that asserts what is plainly a state-law claim.'" *Vasserman*, 65 F. Supp. 3d at 954 (internal citations omitted)).

Moreover, it appears that the terms of the CBA in this case are "straightforward and clear." *See, e.g., Vasserman*, 65 F. Supp. 3d 932, 956 (Where the "provisions of the CBAs are straightforward and clear . . . no interpretation is required to determine the applicability of the exemption"); *Sanchez v. Calportland Co.*, No. 215CV07121CASSHX, 2015 WL 6513640, at *4 (C.D. Cal. Oct. 26, 2015) ("No 'interpretation' is needed of the CBA at issue—which is straightforward and clear—to determine whether it provides an employee with the rights listed in sections 512(e) and 514."). The CBA states that it shall apply to "all" of NRT's employees, with enumerated exceptions that do not include probationary employees. (CBA ¶ 2.01.) The CBA states that probationary employees may be *discharged* without recourse to the grievance and arbitration procedures of the CBA (*id.* ¶ 22.1), but does not state that they are not provided with binding arbitration of "disputes concerning application of [the CBA's] meal period provisions." Cal. Lab. Code § 512(e)(2). While, under the CBA, probationary employees do not become members of the union until the end of their probationary periods, the CBA's coverage is not limited to members of the union, but rather covers *all* employees. Nothing in the CBA suggests that it would not cover probationary employees in the context of this case.[4]

---

[4] The Court notes that there is no indication that Valdez himself is a probationary employee, and this issue is therefore all the more tangential to the substance of his claims in this putative class action.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | **CV 16-2057 DMG (AJWx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | *Hector A. Valdez v. National Retail Transportation, Inc.* | Page | 8 of 8 |

In sum, the substantive claims in this action are not substantially dependent on the CBA and therefore the LMRA does not preempt this action.

**B.     Timeliness**

Given the ruling, *supra*, the Court need not address the timeliness of NRT's removal of the action to federal court.

**IV.**
**CONCLUSION**

In light of the foregoing, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court.

**IT IS SO ORDERED.**